UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ALLSTATE PROPERTY AND
CASUALTY INSURANCE
COMPANY,

               Plaintiffs,　　　**MEMORANDUM AND ORDER**
　　　　　　　　　　　　　　　　Case No. 17-CV-2334 (FB) (RER)
   -against-

HARPAUL NARAIN, NAAVENDRA　　*Appearances:*
NARAIN, METIN G. ESEN, LUANN
ESEN, ANIL RICHARDS, AVINASH　　*For the Plaintiff:*
MISER, NEW YORK RACING　　Karen Maria Berberich
ASSOCIATION, INC., GENTING　　Lewis Johs Avallone Aviles, LLP
MALAYSIA BERHARD A/K/A THE　　One Ca Plaza, Suite 225
GENTING GROUP, RESORTS　　Islandia, NY 11749
WORLD CASINO NEW YORK CITY,
GENTING NEW YORK, LLC,
RESORTS WORLD CORPORATION,　　*For Defendants Metin G. Esen and*
JCJ ARCHITECTURE, P.C., GEDEON　　*Luann Esen:*
ENGINEERING P.C. D/B/A/ GEDEON　　John L. Juliano
GRC CONSULTING, RUTTURA &　　39 Doyle Court
SONS CONSTRUCTION COMPANY,　　East Northport, NY 11731
INC., TUTOR PERINI BUILDING
CORPORATION, TUTOR PERINI
CORPORATION, AND TRANS
EXPRESS, INC.,

               Defendants.
------------------------------------------------x

**BLOCK, Senior District Judge:**

      Allstate Property and Casualty Insurance Company ("Allstate") has filed a declaratory action, asserting that it does not have a contractual duty to indemnify or

1

defend co-defendants Naavendra Narain and Harpaul Narain (collectively, "the Narains") in a state court action (the "Underlying Action").[1] The Underlying Action was filed by co-defendants Metin G. Esen and Luann Esen (collectively, "the Esens") after Naavendra Narain struck Metin Esen outside of a casino in Queens. Allstate, the Narains' insurer, argues that it is relieved of any contractual duties to indemnify or defend the Narains in the Underlying Action because the vehicle involved in the accident was stolen and thus not covered under the policy.

Allstate moves for summary judgment, which the Esens oppose as interested parties due to their potential opportunity to collect from Allstate if they prevail in the Underlying Action. *See Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350, 353–55 (2004) (explaining New York's statutory scheme allowing third parties to assert claims directly against a tortfeasor's insurer). Allstate also moves for default judgment against the Narains, as well as several defendants who were named in this action as interested parties because of their participation in the Underlying Action.

---

[1] The state suit was filed in the Supreme Court of the State of New York, Queens County, under index number 20146/12.
    The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse (Allstate is a citizen of Illinois and all defendants are citizens of New York) and the amount in controversy exceeds $75,000. Because jurisdiction is based on diversity, state law applies. Here, New York law controls. *See AEI Life LLC v. Lincoln Benefit Life Co.*, 892 F.3d 126, 135 (2d Cir. 2018); *In re Liquidation of Midland Ins. Co.*, 16 N.Y.3d 536, 1174, 1178–79 (2011).

The Court grants the motion for summary judgment and accordingly dismisses the motion for default judgment as moot.

The relevant portions of the insurance policy read as follows:

> We will pay for all damages an insured person is legally obligated to pay—because of bodily injury or property damage meaning:
>
> (1) bodily injury, sickness, disease or death to any person, including loss of services; and
> (2) damage to or destruction of property, including loss of use.
>
> Under these coverages, your policy protects an insured person from claims for accidents arising out of the ownership, maintenance or use, loading or unloading of an insured auto. . . . We will defend an insured person sued as the result of an auto accident, even if the suit is groundless or false.
>
> Insured Persons
> . . .
> (2) While using a non-owned auto:
> . . .
> (b) any resident relative using a four wheel private passenger auto or utility auto.
>
> Insured Autos
> . . .
> (4) A non-owned auto used by you or a resident relative with the owner's permission. This auto must not be available or furnished for the regular use of an insured person.

Pl. Br. Ex. I, Part I, Automobile Liability Insurance, Insured Autos, at 6–7 (emphasis removed).

The Esens concede all material facts asserted by Allstate in its motion for summary judgment, including that "the vehicle was not being operated with the owner's permission when the accident occurred." Pl. Br. Ex. A. ("Stipulated Facts") ¶ 30; Def Br. at 3. They argue nonetheless that the insurance policy is ambiguous, which is a question of law. *Riverside South Planning Corp. v. CRP/Extell Riverside, L.P.*, 13 N.Y.3d 398, 404 (2009). Specifically, they focus on the definition of "insured person," which Naavendra Narain meets—"a resident relative [of the insured] using a four wheel private passenger auto or utility auto"—and contend that this section confers coverage to any insured person meeting that description, regardless of whether an insured auto was involved.

This argument is unconvincing. The operative section of the policy uses two defined terms of art, "insured auto" and "insured person," and clearly requires both criteria to be met. Here, the vehicle was not an insured auto because all agree that it was not used with the owner's permission.[2] Thus, there is no coverage. *See Bailey v. Allstate Ins. Co.*, 663 N.Y.S.2d 97 (App. Div. 1997) (affirming denial of coverage because the vehicle was not an "insured auto" under the policy).

---

[2] The insurance policy also lists other definitions of "insured autos," but they are not at issue here.

For the foregoing reasons, Allstate's motion for summary judgment is granted. The motion for default judgment is dismissed as moot.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 20, 2018